1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16

| | |
|---|---|
| DESHONE SMITH, | No.  2:14-cv-3002 CKD P |
| Plaintiff, | |
| v. | ORDER |
| K. DICKSON, et al., | |
| Defendants. | |

17      Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, who seeks relief

18  pursuant to 42 U.S.C. § 1983.  On March 19, 2015, plaintiff's complaint was dismissed for failure

19  to state a claim, and he was granted leave to amend.  Before the court for screening is plaintiff's

20  amended complaint ("FAC").  (ECF No. 26.)  See 28 U.S.C. § 1915A(a).

21      In the body of the FAC, plaintiff lists the following defendants: Mule Creek State Prison

22  correctional officials R. Espinoza, J. Hernandez, J. Thomas, K. Dickson, and Warden Lizzaraga.

23  Plaintiff alleges that, in November 2014, two non-defendant correctional officers used force

24  against him by punching him in the back and ribs.  Over the next several weeks, plaintiff

25  informed defendants (1) that he was in pain as a result of the assault and needed to a see a doctor

26  and (2) he feared for his safety around the two officers who assaulted him.  Defendants did not

27  respond, and plaintiff did not see a doctor until "he filed a complaint with the courts," more than

28  ////

1  three months after the incident.  He is currently receiving pain medication for his back.  (FAC at

2  5.)

3  Plaintiff alleges that defendants failed to "report" the assault incident, per prison policy.

4  (Id. at 3.)  He does not specify what federal claims he seeks to bring or what federal constitutional

5  rights were violated by the alleged actions.  Nor does he indicate what relief he seeks from this

6  court.

7  Even liberally construing plaintiff's pro se complaint, the court cannot presume to know

8  what federal claims plaintiff seeks to bring or what relief he seeks.  Thus the FAC will be

9  dismissed with leave to file a Second Amended Complaint.

10  A claim under § 1983 is available to redress violations of federal statutory and

11  constitutional law.  Maine v. Thiboutot, 448 U.S. 1, 4 (1980).  The Eighth Amendment's

12  prohibition on cruel and unusual punishment imposes on prison officials, among other things, a

13  duty to "take reasonable measures to guarantee the safety of the inmates."  Farmer v. Brennan,

14  511 U.S. 825, 832 (1991).  To properly allege an Eighth Amendment claim for failure to protect,

15  the inmate must assert that he was incarcerated under conditions posing a "substantial risk of

16  serious harm," and that a prison official displayed "deliberate indifference" to that risk.  Id. at

17  834.  A prison official displays deliberate indifference when he is "both aware of facts from

18  which the inference could be drawn that a substantial risk of serious harm exists, and he must also

19  draw the inference."  Id. at 837.  A showing of mere negligence is not enough to establish a

20  constitutional violation.  Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998).

21  Denial or delay of medical care for a prisoner's serious medical needs may constitute a

22  violation of the prisoner's Eighth and Fourteenth Amendment rights.  Estelle v. Gamble, 429 U.S.

23  97, 104-05 (1976).  An individual is liable for such a violation only when the individual is

24  deliberately indifferent to a prisoner's serious medical needs.  Id.; see Jett v. Penner, 439 F.3d

25  1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v.

26  Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

27  In the Ninth Circuit, the test for deliberate indifference consists of two parts.  Jett, 439

28  F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other

2

1   grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).  First, the

2   plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's

3   condition could result in further significant injury or the 'unnecessary and wanton infliction of

4   pain.'"  Id., citing Estelle, 429 U.S. at 104.  "Examples of serious medical needs include '[t]he

5   existence of an injury that a reasonable doctor or patient would find important and worthy of

6   comment or treatment; the presence of a medical condition that significantly affects an

7   individual's daily activities; or the existence of chronic and substantial pain.'"  Lopez, 203 F. 3d

8   at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.

9       Second, the plaintiff must show the defendant's response to the need was deliberately

10  indifferent.  Jett, 439 F.3d at 1096.  This second prong is satisfied by showing (a) a purposeful act

11  or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the

12  indifference.  Id.  Under this standard, the prison official must not only "be aware of facts from

13  which the inference could be drawn that a substantial risk of serious harm exists," but that person

14  "must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  This "subjective

15  approach" focuses only "on what a defendant's mental attitude actually was."  Id. at 839.  A

16  showing of merely negligent medical care is not enough to establish a constitutional violation.

17  Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106.

18      If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

19  complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

20  Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how

21  each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there

22  is some affirmative link or connection between a defendant's actions and the claimed deprivation.

23  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

24  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

25  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

26  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

27      In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

28  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

1   complaint be complete in itself without reference to any prior pleading.  This is because, as a

2   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

3   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

4   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

5   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

6          In accordance with the above, IT IS HEREBY ORDERED that:

7          1.  The First Amended Complaint is dismissed.

8          2.  Plaintiff is granted thirty days from the date of service of this order to file an amended

9   complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

10  Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

11  assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an

12  original and two copies of the second amended complaint; failure to file a second amended

13  complaint in accordance with this order will result in dismissal of this action.

14  Dated:  April 30, 2015

15                                                   _____
                                                     CAROLYN K. DELANEY
16                                                   UNITED STATES MAGISTRATE JUDGE

17

18

19

20  2 / smit3002.FAC

21

22

23

24

25

26

27

28

4